UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

JOSE LUIS ESPINOZA, JR.,

                Petitioner,

v.

                                  No.  5:25-CV-00265-H
                                  No.  5:24-CR-00018-H-BV-1

UNITED STATES OF AMERICA,

                Respondent.

## ORDER DENYING MOTION TO VACATE AND CERTIFICATE OF APPELABILITY

Jose Luis Espinoza, Jr., filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255.  Civ. Dkt. No. 1.  The government filed a response, Civ. Dkt. No. 9, and Espinoza filed a reply.  Civ. Dkt. No. 14.   As explained below, the motion is denied.

**1.     Background**

On February 14, 2024, Espinoza was named in a one-count indictment charging him with attempted enticement of a minor, in violation of 18 U.S.C. § 2422(b).  Cr. Dkt. No. 5. He was tried by a jury and found guilty.  Cr. Dkt. No. 83.

The Court sentenced Espinoza to a term of imprisonment of 120 months.  Cr. Dkt. No. 104.  Espinoza appealed, Cr. Dkt. No. 106, and the United States Court of Appeals for the Fifth Circuit affirmed.  *United States v. Espinoza*, No. 24-10940, 2025 WL 1905334 (5th Cir. July 10, 2025).

Espinoza, proceeding pro se, timely filed his Section 2255 motion.  Civ. Dkt. No. 1. In it, he raises six issues, five alleging that he received ineffective assistance of counsel and one contending that he is actually innocent of the charge against him.

2.    **Applicable Legal Standards**

A.    **Section 2255**

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991) (en banc). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors, *Shaid*, 937 F.2d at 232, or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Vargas-Soto*, 35 F.4th 979, 993 (5th Cir. 2022). "Actual innocence" in this regard means factual innocence, not mere legal insufficiency. *Bousley*, 523 U.S. at 623. In other words, the defendant must demonstrate that, in light of all the evidence, "it is more likely than not that no reasonable juror would have convicted him." *Id.* (citations omitted).

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

B.   **Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and the defendant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

3.   **Analysis**

In his first ground Espinoza alleges that counsel rendered ineffective assistance in failing to investigate and produce an analysis of the brightness settings and manipulation capabilities of his cell phone. Civ. Dkt. No. 1 at 9. In his second ground, he urges that counsel rendered ineffective assistance in failing to present the actual cell phone as an exhibit at trial. *Id.* at 9–10. In his third ground, he alleges that counsel rendered ineffective

assistance in attempting to present a brightened version of government Exhibit 20 without having presented it for preadmission before trial. *Id.* at 10–13.

"A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome" of the case. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Espinoza's unsupported allegations regarding failure to investigate do not meet the test, much less entitle him to an evidentiary hearing. *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013). In fact, his whole theory about the brightness capabilities of the phone and what he might have seen (or been able to show the jury) in the photo he references is based on conclusory allegations unsupported and insupportable. The evidence establishes that the photo could not be seen with any greater clarity than the brightness at which it was taken. Cr. Dkt. 94 at 41. Moreover, in the photo in question, the photographer's face is covered by the hand holding the phone. *Id.* at 34. That counsel's cross-examination about brightness and visibility of the photo was not successful does not equate to ineffective assistance of counsel. *United States v. Cantu-Cantu*, 157 F.3d 903, 1998 WL 611736, at *1 (5th Cir. Aug. 24, 1998). Espinoza has not shown that counsel's tactics were so ill chosen that they permeated the entire trial with obvious unfairness. *See Johnson v. Dretke*, 394 F.3d 332, 337 (5th Cir. 2004).

In his fourth ground, Espinoza alleges that counsel rendered ineffective assistance in failing to object to the government's use of his photograph with the word "guilty" superimposed on it during closing argument. Civ. Dkt. 1 at 13. As the government notes, it is not unusual for counsel to choose not to make objections during closing argument. Civ. Dkt. 9 at 15. Calling attention to a particular remark may be more prejudicial than ignoring

it. *Walker v. United States*, 433 F.2d 306, 307 (5th Cir. 1970). Whether to make an objection is a strategic decision that the Court generally does not second guess. *See United States v. Winters*, 530 F. App'x 390, 398 (5th Cir. 2013). Moreover, had counsel made an objection, at best, the Court would have given a curative instruction, leaving nothing for appeal. *See United States v. Murra*, 879 F.3d 669, 685 (5th Cir. 2018). Espinoza has not shown that counsel rendered ineffective assistance in this regard because he cannot show that the outcome of the trial would have been different had counsel objected.

In his fifth ground, Espinoza alleges that he is actually innocent. Civ. Dkt. 1 at 13. However, courts do not recognize freestanding actual innocence claims asserted in habeas motions. *In re Raby*, 925 F.3d 749, 755 (5th Cir. 2019); *United States v. Fields*, 761 F.3d 443, 479 (5th Cir. 2014). The claim is wholly conclusory in any event. *Anderson v. United States*, No. 3:22-CV-0037-M, 2024 WL 1776378, at *6 (N.D. Tex. Apr. 23, 2024). "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Moreover, such a claim requires the movant to support his allegations with new reliable evidence that was not available at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

In his sixth ground Espinoza alleges that "appellate counsel cobbled together an incomplete appeal" by failing to raise on appeal the grounds raised in the motion now before the Court. Civ. Dkt. 1 at 13. He fails to show that his appellate representation was deficient in any respect, much less that anything counsel should have done would have changed the outcome of the case. Counsel is not required to raise every nonfrivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). An attorney's decision to omit an argument on appeal rises to ineffectiveness only when directly

controlling authority reveals that the argument would likely have been successful. *Id.*, 183 F.3d at 463. Directly controlling precedent is rare. *Id.*, 183 F.3d at 463 n.7. Here, Espinoza does not cite to any controlling authority.

The evidence of Espinoza's guilt was overwhelming and certainly not dependent upon any photographs. *See Espinoza*, 2025 WL 1905334, at *1 (summarizing the evidence and noting that after learning that his correspondent was a minor Espinoza initiated chats on two separate days to talk in a sexual manner and suggest meeting to have sex).

### 4.    Conclusion

For the reasons discussed, the motion is denied.

Additionally, considering the record and relevant authorities in this case, the Court denies a certificate of appealability under Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Court, and 28 U.S.C. § 2253(c). As explained above, Espinoza has failed to show that reasonable jurists would find (1) this Court's "assessment of the constitutional claims debatable or wrong," or (2) "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Dated June 4, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge